UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

**JS-6**

| | | | |
|---|---|---|---|
| Case No. | **CV 26-7450-DMG (AYPx)** | Date | September 8, 2026 |
| Title | ***Maria Toledo v. Pentair Water Pool and Spa, Inc.*** | Page | **1 of 5** |

Present: The Honorable DOLLY M. GEE, CHIEF UNITED STATES DISTRICT JUDGE

| | |
|---|---|
| DEREK DAVIS | NOT REPORTED |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER RE PLAINTIFF'S MOTION TO REMAND ACTION TO STATE COURT [15]**

## I.
## FACTUAL AND PROCEDURAL BACKGROUND

On May 4, 2026, Plaintiff Maria Toledo filed a putative class action Complaint against Defendant Pentair Water Pool and Spa, Inc. ("Pentair") in the Superior Court of California for the County of Ventura. [Doc. # 1-2 ("Compl.").] Toledo alleged she is a California resident and was employed by Pentair as a "non-exempt machine operator" from around February 2024 to September 2025. *Id.* at ¶ 11. Toledo alleged the following state law causes of action arising out of her employment with Pentair: (1) failure to pay wages; (2) failure to provide meal periods; (3) failure to permit rest periods; (4) failure to provide accurate itemized wage statements; (5) failure to pay all wages due during employment and upon separation of employment; (6) interference with the California Family Leave Rights Act ("CFRA") under California Government Code section 12945.2; and (7) unfair and unlawful business practices. *See generally* Compl. at ¶¶ 36–92. Plaintiff seeks, *inter alia*, damages, injunctive relief, restitution, and reasonable attorneys' fees and costs. *See id.*, Prayer for Relief.

After Toledo served Pentair on June 9, 2026, Pentair removed the action to federal court on July 9, 2026, asserting diversity jurisdiction under 28 U.S.C. section 1332(a). [Doc. # 1 ("NOR") at ¶¶ 7, 10.] On August 7, 2026, Toledo filed the instant Motion to Remand on the basis that Pentair failed to carry its burden to show that the amount in controversy exceeds $75,000. [Doc. # 15 ("MTR").] The MTR is fully briefed. [Doc. ## 18 ("Opp."), 20 ("Reply").]

The Court finds this matter suitable for decision without oral argument. Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15. Having reviewed and considered the parties' written submissions, the Court **GRANTS** the MTR for the reasons discussed below.

## II.
## LEGAL STANDARD

Under 28 U.S.C. section 1332, a district court has original jurisdiction over a civil action where "the matter in controversy exceeds the sum or value of $75,000" and there is complete diversity of citizenship between the parties. 28 U.S.C. § 1332(a)(1). Complete diversity between the parties means that "each defendant must be a citizen of a different state from each plaintiff." *In re Digimarc Corp. Derivative Litig.*, 549 F.3d 1223, 1234 (9th Cir. 2008).

"The party seeking to invoke the district court's diversity jurisdiction always bears the burden of both pleading and proving diversity jurisdiction." *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 613–14 (9th Cir. 2016). In a case that has been removed from state court, the defendant "has the burden to prove, by a preponderance of the evidence, that removal is proper." *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1106–07 (9th Cir. 2010). The removal statute, 28 U.S.C. section 1441(a), is strictly construed against removal jurisdiction, and if there is any doubt as to the right of removal in the first instance, federal jurisdiction must be rejected. *Id.* (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (*per curiam*)).

## III.
## DICUSSION

Toledo argues that remand is necessary because Pentair has failed to prove that the amount in controversy exceeds $75,000.[1] *See* MTR. Pentair asserts that the amount in controversy, exclusive of attorneys' fees, is approximately $69,608.37, and that anticipated attorneys' fees would comfortably close the gap to reach $75,000. *See* Opp. at 10–11.[2]

If it is "unclear or ambiguous from the face of a state-court complaint whether the requisite amount in controversy is pled," then the removing defendant must prove, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional amount. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007) (citing *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996)). Courts may consider the complaint, facts in the removal petition, and "summary-judgment-type evidence relevant to the amount in controversy at the time

[1] Toledo does not challenge complete diversity, nor does the Court have any reason to doubt that complete diversity is satisfied here. Pentair is incorporated under the laws of Delaware and maintains its principal place of business in Minnesota. *See* NOR at ¶ 13; Declaration of Mandi Crane at ¶¶ 3–4 [Doc. # 1-8]. Plaintiff is a citizen of California. *See generally* MTR; Reply.

[2] All page references herein are to page numbers inserted by the CM/ECF system.

of removal." *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997) (citation omitted).

The lion's share of Pentair's amount in controversy calculation—$54,611.20—is based on Toledo's sixth cause of action for interference with the CFRA in violation of California Government Code section 12945.2. Opp. at 9. The CFRA makes it unlawful for an employer "to refuse to grant a request by any employee . . . to take up to a total of 12 workweeks in any 12-month period for family care and medical leave." Cal. Gov't Code § 12945.2(a). The CFRA also makes it unlawful "for an employer to refuse to hire, or to discharge, fine, suspend, expel, or discriminate against, any individual because of . . . [a]n individual's exercise of the right to family care and medical leave provided by subdivision (a)." *Id.* at § 12945.2(k)(1). Toledo alleges that due to her diabetes condition, she was "intermittently unable to work due to side effects she experienced from starting insulin." Compl. at ¶ 34. Instead of informing Toledo of her right to take leave under the CFRA, Defendant allegedly disciplined her for missing work and then terminated her employment in September 2025 based on her health-related absences. *Id.*

Toledo heavily contests the inclusion of any monetary damages relating to her CFRA claim in the amount in controversy calculation because she "expressly seeks injunctive relief, [and] not economic damages" under the CFRA. MTR at 5. Pentair counters that a "claim premised on an unlawful termination necessarily puts the economic consequences of that termination—Plaintiff's lost wages—in controversy[.]" Opp. at 8. Generally, the plaintiff is the master of her own complaint and the amount in controversy is determined by first looking to the face of the pleadings. *See Crum v. Circus Circus Enters.*, 231 F.3d 1129, 1131 (9th Cir. 2000); *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015). Toledo points to language in her Complaint demonstrating that she seeks only injunctive relief under the CFRA. *Compare* Compl. at ¶ 4 (seeking monetary relief for "unpaid wages, statutory penalties, benefits, interest, attorneys' fees, costs and expenses, and penalties" pursuant to Labor Code violations) *with id.* at ¶ 5 (seeking injunctive relief for interference with the CFRA, with no mention of monetary damages). Under the CFRA cause of action, the Complaint does not request monetary damages, and instead says, "[a]s a direct and proximate result of Defendants' interference with Plaintiff['s] . . . rights under CFRA, Plaintiff [is] entitled to recover costs and attorneys' fees pursuant to Government Code § 12965." *See id.* at ¶ 82.

In contrast, Pentair does not point to any language in the Complaint that supports its assumption that lost wages damages are at issue on the CFRA claim. *Cf. Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 416–17 (9th Cir. 2018) (including past and future lost wages in amount in controversy where complaint's prayer for relief specifically requested damages for "loss of earnings" and "loss of earning capacity"). Instead, Pentair asserts that Toledo did not

"affirmatively disclaim" monetary damages arising from the CFRA claim in the Complaint's Prayer for Relief, where Toledo lists "compensatory damages" and "unpaid compensation" as requested forms of relief. Opp. at 9. Pentair does not provide any authority, however, that endorses such an isolated reading of the Prayer for Relief.

Pentair contends *Chavez v. JPMorgan Chase & Co.* is dispositive. Opp. at 9. But *Chavez* is distinguishable. There, the plaintiff claimed at the time of removal that her termination caused her to lose past and future wages. *See* 888 F.3d at 416–17. The plaintiff argued that the court could only consider lost wages for the period between her termination and the removal of the action in calculating the amount in controversy. *Id.* at 417. The Ninth Circuit disagreed with the plaintiff and clarified that, "*[i]f a plaintiff claims at the time of removal that her termination caused her to lose future wages*, and if the law entitles her to recoup those future wages if she prevails, then there is no question that future wages are 'at stake' in the litigation, whatever the likelihood that she will actually recover them." *Id.* (emphasis added). Here, Toledo does not make a similar claim for past *or* future wages based on the alleged CFRA violation. *See generally* Compl. Moreover, Plaintiff explicitly and unequivocally disclaims that she seeks monetary damages for the CFRA claim. *See* MTR at 5; Reply at 2–3. Therefore, the Court finds that Pentair's "request that Plaintiff clarify the damages she seeks under the Sixth Cause of Action" is unnecessary because she has already done so in her pleadings and representations to the Court. Opp. at 17. She would be judicially estopped from denying it in the future. *See Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 782 (9th Cir. 2001).

Where injunctive relief is not the "primary object of the litigation," courts do not include the value of injunctive relief in determining the amount in controversy. *See Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 860 (9th Cir. 2001). Whereas here, Toledo seeks monetary damages for a variety of alleged Labor Code violations, and injunctive relief does not appear to be the primary object of the litigation, the Court declines to include the potential cost for Defendant to comply with a potential injunction under the CFRA in the amount in controversy calculation. *See id.* at 860–61 ("But if Plaintiffs succeed in obtaining a significant award of monetary damages, they will likely accomplish what we believe to be their essential goal in this litigation without the added spur of an injunction.").

Absent damages under the CFRA, the amount in controversy falls well below the threshold amount. Pentair requests jurisdictional discovery prior to any remand but offers no explanation for what pertinent information it could find to cure the jurisdictional defect. *See* Opp. at 17. Here, "it is clear that further discovery would not demonstrate facts sufficient to constitute a basis for jurisdiction" because the dispositive issue is whether Toledo seeks monetary damages for her CFRA claim, and the Court has determined she does not. *See Laub v. U.S. Dep't of Interior*, 342

F.3d 1080, 1093 (9th Cir. 2003) (citation omitted). Therefore, the Court **DENIES** Pentair's request for jurisdictional discovery. Since the parties were provided an opportunity to place evidence into the record in litigating the motion to remand, Ninth Circuit "precedent does not direct that [Pentair] should be given another chance to make its case." *See Harris v. KM Industrial, Inc.*, 980 F.3d 694, 702 (9th Cir. 2020).

## IV.
## CONCLUSION

In light of the foregoing, the Court **GRANTS** Plaintiff's MTR and **REMANDS** this action to the Superior Court of California, County of Ventura. All dates and deadlines, including the September 11, 2026 hearing, are hereby **VACATED**.

**IT IS SO ORDERED.**